# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STEVEN BELL,

    **Plaintiff,**

    v.                                        CASE NO. 18-3206-SAC

(FNU) ENGLISH, Warden,
USP-Leavenworth, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff proceeds pro se and in forma pauperis in this prisoner civil rights action. On January 11, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 13) ("MOSC"), granting Plaintiff until February 4, 2019, in which to show good cause why Plaintiff's Complaint (Doc. 1) should not be dismissed for the reasons stated in the MOSC. Plaintiff was also granted until February 4, 2019, in which to file a complete and proper amended complaint to cure all the deficiencies set forth in the MOSC. Plaintiff has failed to respond to the MOSC.

In the MOSC, the Court noted that Plaintiff was transferred to a halfway house, rendering his request for injunctive relief moot. The Court also noted that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Court also found that Plaintiff presents no plausible basis for a claim of

punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.

The Court also found that Plaintiff failed to allege adequate facts to support a claim of retaliation. Plaintiff's claims of retaliation are generally conclusory, lacking facts to demonstrate any improper retaliatory motive. The Court also found that Plaintiff's complaint regarding the conditions of his confinement at USPL fails to state a claim of cruel and unusual punishment. Plaintiff alleges no facts showing that Defendants "both knew of and disregarded an excessive risk to [his] health or safety." Plaintiff's allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." Plaintiff has also failed to allege "deliberate indifference" by Defendants.

The Court also found that Plaintiff may not challenge prison disciplinary actions and the loss of good time in this civil rights action, but may only do so by filing a petition for writ of habeas corpus. Moreover, a prerequisite to filing a habeas corpus petition in federal court is full exhaustion of all levels of administrative appeal, as well as all remedies available in the state courts.

The Court found that Plaintiff's claim that he was denied access to the courts fails to allege an actual injury. *See Proch v. Baker*, Case No. 14-3021-CM, 2017 WL 2793922, at *7 (D. Kan. June 28, 2017) (citing *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (violations of the constitutional right of access to the courts require a showing of injury due to the deprivation); *Sterling v. Edwards*, 881 F. Supp. 488, 490 (D. Kan. 1995) (there must be prejudice)). The Court noted that Plaintiff has filed numerous actions in this Court while housed at USPL. *See* Case Nos. 18-3219, 18-3232, 18-3276, 18-3277, and 18-3285. Plaintiff was able to file the instant case and he has not alleged an injury resulting from his failure to file other actions.

The Court found that the facts alleged in the Complaint show that Plaintiff was without his Bible for three days following a search of his cell. This was undoubtedly an inconvenience to Plaintiff or negligence, rather than a substantial burden on Plaintiff's exercise of his religion. The Court found that Plaintiff's denial of religious freedom claim may be dismissed on this basis, unless he alleges sufficient additional facts in an amended complaint.

The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint." Plaintiff has failed to respond to the MOSC within the allowed time. The Court finds that this case should be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this case is dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 8th day of February, 2019.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**